DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ANDREW GSCHWIND, State Bar #231700
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3800
Facsimile:    (415) 554-3837

Attorneys for Defendant
DEPUTY SANCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO HERNANDEZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEPUTY SANCHEZ<br><br>            Defendant. | Case No. CV-08-00640 JSW<br><br>**ANSWER OF DEFENDANT DEPUTY SANCHEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY**<br><br>Trial Date:         Not Set |

    Defendant Deputy Sanchez ("defendant" or "defendant Sanchez") hereby answers plaintiff Orlando Hernandez's Complaint Under the Civil Rights Act, 42 U.S.C. §§ 1983 ("Complaint"). Defendant Sanchez responds only to the allegations that remain following the Court's Order of Service and Partial Dismissal dated May 7, 2008.

I.    <u>Exhaustion of Administrative Remedies</u>

    1.    Defendant Sanchez lacks knowledge or information sufficient to admit or deny the truthfulness of the allegation set forth in paragraph I.A.  Defendant Sanchez admits the allegation set forth in paragraph I.B.  Defendant Sanchez lacks knowledge or information sufficient to admit or deny the truthfulness of the allegations set forth in paragraphs I.C – I.E.

II.     Parties

2.     Defendant Sanchez lacks knowledge or information sufficient to admit or deny the truthfulness of the allegation set forth in paragraph II.A. Defendant Sanchez admits that he is a Deputy with the San Francisco Sheriff's Department.

III.    Statement of Claim

3.     Defendant Sanchez denies all of the allegations set forth in paragraph 3 of the complaint in their entirety.

4.     Paragraph 4 sets forth a request for relief, rather than a factual allegation to which a response is required. To the extent a response is required, defendant Sanchez denies that plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

Plaintiff's complaint and each cause of action fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant enjoys qualified immunity from liability under 42 U.S.C. § 1983 under the doctrine announced in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982) and its progeny.

### THIRD AFFIRMATIVE DEFENSE

(Law Enforcement Immunity)

Law enforcement personnel are immune from any liability therein under the common law doctrine of immunity of law enforcement personnel executing statutes in good faith, which statutes are presumed valid at the time of such execution.

**FOURTH AFFIRMATIVE DEFENSE**

(Privileged Use of Force)

Any force used by defendant was the lawful, legally justified exercise of the right of self-defense and defense of the public and was therefore privileged by law. No more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

**FIFTH AFFIRMATIVE DEFENSE**

(Privileged and Justified Conduct)

Defendant's conduct at all times material herein was privileged and/or justified under applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

(Reckless Conduct)

At all times mentioned in plaintiff's complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint. Such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff. As a consequence, plaintiff's claim are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of his own acts and omissions, plaintiff is estopped from seeking any recovery from defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

Plaintiff had full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the happening of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in this complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

ANSWER TO COMPLAINT
CASE NO. CV-08-00640 JSW
3

**NINTH AFFIRMATIVE DEFENSE**

(Probable Cause)

At all times material hereto defendant had reasonable and/or probable cause to detain and restrain plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

(Valid Law Enforcement Purpose)

All activities taken defendant regarding the allegations in the complaint were undertaken for valid law enforcement purposes.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Intent to Deprive of Constitutional Rights)

Defendant at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive plaintiff of any rights under the federal or state constitutions, federal or state statutes, thereby entitling her to immunity from suit.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendant was at all times material hereto acting with subjective and/or objective good faith, such that any claim for relief that plaintiff may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Malice or Bad Faith)

Defendant did not act with malice or bad faith, in reckless disregard, or in an oppressive or willful manner, nor did she intend to harm or deprive plaintiff of any rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

The complaint and each and every cause of action therein are barred because plaintiff failed to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Frivolous Lawsuit)

As and for a separate, distinct affirmative defense to the Complaint, defendant alleges that plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Prison Litigation Reform Act)

Defendant alleges that all or some of plaintiff's claims for relief are barred by the Prison Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lack of Personal Jurisdiction Over Defendant)

Defendant alleges that the Court lacks personal jurisdiction over defendant as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.d

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that the Complaint, and each and every claim set forth therein, is barred by the applicable statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Prosecute)

As a separate and affirmative defense to the Complaint and to every allegation therein, defendant alleges that the Complaint should be dismissed based on plaintiff's failure to diligently prosecute this action, and his failure timely to effect service of process.

ANSWER TO COMPLAINT
CASE NO. CV-08-00640 JSW                5

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff has failed to exhaust his administrative remedies.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Reckless and Wanton)

This answering defendant alleges that at all times mentioned in the Complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claims are barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Proposition 51 & Contribution)

Defendant Sanchez alleges that in the event that he is found to be liable – which liability is specifically denied and stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic damages shall be several and not joint, pursuant to the Fair Responsibility Act of 1986 (Proposition 51) as set forth in Civil Code Section 1431 et seq. Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Fair Responsibility Act applies and that a separate judgment be rendered in the amount of such non-economic damages attributable to that person or entity. Defendant is entitled to contribution from parties that contributed to and proximately caused the occurrence.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Probable Cause for Detention and Confinement of Plaintiff)

Defendant Sanchez alleges that at all times material to this action, defendants had reasonable and probable cause to detain, restrain and confine plaintiff based on valid and legitimate penological

interests of safety and orderly administration of the jails, the California Penal Code, the California Code of Regulations, and the Health and Safety Code.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendant Sanchez presently has insufficient knowledge or information on which to form a belief as to whether the may have additional, as yet unstated, defenses available. Defendant Sanchez reserves the right to assert additional defenses in the event that discovery indicates that he would be appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that defendant Sanchez hereby demands a trial by jury in this action on all issues so triable.

### RELIEF REQUESTED

WHEREFORE, defendant Sanchez pray for judgment as follows:

1. That plaintiff take nothing from defendant Sanchez;

2. That the Complaint against defendant Sanchez be dismissed with prejudice;

3. That defendant Sanchez recover his costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

Dated: June 25, 2008

                                        DENNIS J. HERRERA
                                        City Attorney
                                        JOANNE HOEPER
                                        Chief Trial Deputy
                                        ANDREW GSCHWIND
                                        Deputy City Attorney

                              By:_____/s/_____
                                  ANDREW GSCHWIND
                                  Attorneys for Deputy Sanchez

**PROOF OF SERVICE**

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On June 25, 2008, I served the attached:

ANSWER OF DEFENDANT DEPUTY SANCHEZ TO PLAINTIFF'S COMPLAINT; DEMAND FOR TRIAL BY JURY

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Orlando Hernandez
2304416
San Bruno County Jail
P.O. Box 67
San Bruno, CA 94066

PRO SE
(per USDC Docket as of 6/24/08)

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted wasFax #'.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 25, 2008, at San Francisco, California.

/s/ FOLASHADE ADESANWO

FOLASHADE ADESANWO

ANSWER TO COMPLAINT
CASE NO. CV-08-00640 JSW

8