DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ANDREW GSCHWIND, State Bar #231700
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3800
Facsimile:    (415) 554-3837

Attorneys for Defendant
DEPUTY SANCHEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ORLANDO HERNANDEZ, | Case No. 08-CV-00640 JSW |
|---|---|
| Plaintiff, | **DEFENDANT'S ADMINISTRATIVE REQUEST FOR CONTINUANCE OF DEADLINE FOR FILING DISPOSITIVE MOTION** |
| vs. | |
| DEPUTY SANCHEZ | |
| Defendant. | Trial Date:         Not Set |

## I.  INTRODUCTION

Pursuant to Local Rule 7-11, defendant Deputy Sanchez respectfully requests that he be given a continuance to file a dispositive motion in this action until October 25, 2008 – four months after his voluntary appearance and Answer.

## II.  FACTUAL BACKGROUND AND ARGUMENT

### A.  Factual and Procedural Background

This is a *pro per* prisoner action alleging violation of his civil rights when a San Francisco Sheriff's Deputy allegedly beat him on July 25, 2007.

This action was filed on January 28, 2008. On May 7, 2008, the Court (the Hon. Jeffrey S. White) issued an "Order of Service and Partial Dismissal; Directing Defendant to File Dispositive Motion or Notice that Such Motion Is Not Warranted." The Order provides that, "No later than sixty

(60) days *from the date of this order*, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion . . . ." (the "Order of Service" or "Order" at p. 3, ¶ 3) (emphasis added). As shown on the Court's proof of service, this Order was only served on plaintiff, not defendant Sanchez, as defendant Sanchez had not yet been served with the Complaint.

On June 5, 2008, a U.S. Marshall dropped off a copy of the Summons and Complaint upon "Nydia Gonzalez – Receptionist" at San Francisco's City Hall building (Ms. Gonzalez does not even work for the Sheriff's Dept.). Although Deputy Sanchez was not personally served on this date, he nonetheless voluntarily answered the Complaint 20 days later, on June 25, 2008.

**B.     Argument**

Because defendant Sanchez had no notice of this lawsuit until several days after June 5, 2008, when plaintiff's complaint was first dropped off at City Hall by a U.S. Marshall and defendant was never served with the Court's May 7, 2008 Order of Service, defendant Sanchez should be granted additional time to file a dispositive motion. Read literally, the Court's May 7, 2008 Order appears to require defendant Sanchez to file a dispositive motion within "60 days from the date of this order [May 7, 2008]," or by Monday July 7, 2008, rather than within 60 days from the date of *service* of the Court's Order.

Notably, the Court did not have jurisdiction over defendant Sanchez on May 8, 2008. It only obtained jurisdiction over him on June 25, 2008, when he voluntarily answered the complaint despite improper service on June 5, 2008. It is unfair to require him to file a summary judgment motion by only July 7, 2008 (60 days after May 7, 2008) – roughly two weeks after he voluntarily answered the complaint.

More importantly, defense counsel has not yet had an adequate opportunity to investigate this action and obtain documents regarding the alleged incident, such as plaintiff's alleged grievance and/or internal Sheriff's dept. reports . In addition, plaintiff claims to have photographs of his injuries, and defendant intends on requesting these through discovery. Further, defense counsel is informed that there should be jail medical records concerning plaintiff that are relevant to this action, but these records can only be obtained through a subpoena with notice to plaintiff.

DEF'S ADMIN. REQUEST FOR CONTINUANCE            2            n:\lit\li2007\070710\00430061.doc
Case No.: 08-00640 JSW

Thus, defendant Sanchez respectfully requests that the Court continue his time to file a dispositive motion in this action until four months from the filing of his Answer, or on October 25, 2008.

### III.  CONCLUSION

For these reasons, defendant Sanchez respectfully requests that the Court grant him until October 25, 2008 to file a dispositive motion.

Dated: July 9, 2008

>            DENNIS J. HERRERA
>            City Attorney
>            JOANNE HOEPER
>            Chief Trial Deputy
>            ANDREW GSCHWIND
>            Deputy City Attorney
>
>
>            By:_____/s/_____
>            ANDREW GSCHWIND
>            Attorneys for Deputy Sanchez

## PROOF OF SERVICE

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 9, 2008, I served the attached:

**DEFENDANT'S ADMINISTRATIVE REQUEST FOR CONTINUANCE OF DEADLINE FOR FILING DISPOSITIVE MOTION**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Orlando Hernandez
2304416
San Bruno County Jail
P.O. Box 67
San Bruno, CA 94066

(per USDC Docket as of 6/24/08)

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted wasFax #'.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 9, 2008, at San Francisco, California.

/s/ FOLASHADE ADESANWO
FOLASHADE ADESANWO